## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

SANDI O'HARE,

    Plaintiff,

v.

TRS RECOVERY SERVICES, INC., a Colorado corporation,

    Defendant.

---

## COMPLAINT AND JURY DEMAND

---

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for Plaintiff's claims under 47 U.S.C. § 227 et. seq. because they arise from a common nucleus of operative facts.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. (hereinafter the "TCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

4. Plaintiff, Sandi O'Hare, is a natural person who resides in the City of Longmont, County of Boulder, State of Colorado.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, TRS Recovery Services, Inc., is a Colorado corporation operating from an address at 6200 S. Quebec Street, Greenwood Village, Colorado, 80111.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The Defendant is licensed as a collection agency by the state of Colorado.

9. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

10. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

11. Sometime before June 2007 an individual named Gabriel O'Hare allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

12. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

13. The Account went into default with the original creditor.

14. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection from an individual named Gabriel O'Hare.

15. In the year prior to the filing of the instant action the Plaintiff received telephone calls and voicemail messages on her residential telephone line from the Defendant and / or representatives, employees and / or agents of the Defendant who were attempting to collect the Account. The Plaintiff called the Defendant in response to the telephone calls and voicemail messages. These telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

16. In the year prior to the filing of the instant action the Defendant and / or representatives, employees and / or agents of the Defendant repeatedly called the Plaintiff attempting to collect the Account after the Plaintiff repeatedly told the representatives, employees and / or agents of the Defendant that she was not Gabriel O'Hare and to stop calling her telephone on Gabriel O'Hare's Account.

17. In the year prior to the filing of the instant action the Defendant repeatedly initiated telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff. The telephone calls made by the Defendant were not made for emergency purposes.

18. The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

19. The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface.

20. The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface and e(10).

21. The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface and f(1).

22. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying Gabriel O'Hare's alleged debt.

23. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and knowing violations of the FDCPA and TCPA.

24. The Defendant's actions constitute multiple violations of TCPA § 227(b)(1)(B).

25. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

26. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their

employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

27. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

28. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

29. The previous paragraphs are incorporated into this Count as if set forth in full.

30. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, § 1692e preface, e(10), § 1692f preface and f(1).

31. The Defendant's violations are multiple, willful and intentional.

32. Pursuant to FDCPA § 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## COUNT II, TCPA VIOLATIONS

33. The previous paragraphs are incorporated into this Count as if set forth in full.

34. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the TCPA, including but not limited to § 227(b)(1)(B).

35. The Defendant's violations were multiple and were made willfully and knowingly.

36. Pursuant to TCPA section 227(b)(3)(B) the Plaintiff is entitled to statutory

damages of $500.00 per violation.

37. Pursuant to TCPA section 227(b)(3)(B) and b(3)(C) the Plaintiff is entitled to statutory damages of $1,500.00 per willful or knowing violation.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Statutory damages under 47 USC § 227(b)(3)(B) and b(3)(C).

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ David M. Larson  
David M. Larson, Esq.  
405 S. Cascade Avenue, Suite 305  
Colorado Springs, CO 80903  
(719) 473-0006  
Attorney for the Plaintiff