IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01735-RPM-KLM

SANDI O'HARE,

   Plaintiff,

v.

TRS RECOVERY SERVICES, INC., a Colorado corporation,

   Defendant.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the Defendant TRS Recovery Services, Inc.'s **Motion for Protective Order Pursuant to Fed. R. Civ. P. 26(c)(1)** [Docket No. 20; Filed November 4, 2008] (the "Motion"). Plaintiff filed a Response on November 20, 2008 [Docket No. 23], and Defendant filed a Reply on December 5, 2008 [Docket No. 24].

Defendant seeks modification of the Protective Order [Docket No. 17] entered in this case to prohibit disclosure of the home phone numbers and addresses of Defendant's employees to Plaintiff. Defendant does not object to disclosure of this information to Plaintiff's attorney.[1] Specifically, Defendant contends that modification of the Protective Order is necessary to protect its employees "from annoyance, embarrassment, [or] oppression" as "there is no legitimate litigation purpose for the plaintiff herself to have access to confidential personal information about the TRS employees." *Motion* [#20] at 3.

Plaintiff filed a Response in opposition to the Motion and argues that Defendant has

---

[1] The Court ordered Defendants to disclose this information to Plaintiff at the Scheduling Conference [Docket No. 18]. The manner of disclosure was not discussed.

failed to provide good cause for the concealment of this information from Plaintiff. *Response* [#23] at 3. Plaintiff also argues that the requirement of a party to disclose this information is well documented, and Defendant has failed to provide any reason to impose a limitation of disclosure to Plaintiff's counsel only. *See* Fed. R. Civ. P. 26(a)(1). Further, courts which have ordered disclosure of this information have not also imposed this protection as a precursor to disclosure. *See, e.g.*, *Thurby v. Encore Receivable Mgmt., Inc.*, 251 F.R.D. 620, 621-22 (D. Colo. 2008); *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 689 (D. Kan. 1996); *Estate of Rice ex rel. Garber v. City & County of Denver*, No. 07-cv-01571-MSK-BNB, 2008 WL 2228702, at *4 & n.2 (D. Colo. May 27, 2008) (unpublished decision). As such, Plaintiff contends that Defendant has failed to provide sufficient justification for prohibiting Plaintiff from receiving this information.

In its Reply, Defendant argues that "in the absence of a legitimate litigation reason for the plaintiff herself to have access to the material, this Court should grant the requested protective order." *Reply* [#24] at 2. The Motion has been fully briefed and is ripe for resolution. Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

The decision to issue a protective order rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). A protective order may issue upon a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). The good cause standard of Rule 26(c) is not met by the conclusory statements of the moving party. *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). Instead, "the party seeking a protective order must show that disclosure will result in a

clearly defined and serious injury to that moving party." *Id.* (citing *Exum v. United States Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002)).

Although Defendant asserts that Plaintiff has failed to articulate a litigation purpose for her personal receipt of this information, Defendant confuses the burden. As noted above, Defendant bears the burden to show that good cause exists for the issuance of a protective order. *Morrison v. MacDermid, Inc.*, No. 07-cv-01535-WYD-MJW, 2008 WL 2705389, at *2 (D. Colo. July 2, 2008) (unpublished decision). Defendant's burden is not met by unsupported concerns that Plaintiff herself may misuse this information. I find that Defendant has failed to assert any case-specific justification for deviation from the normal manner of production of this information. The fact that some of Defendant's employees may use aliases does not sufficiently articulate a reason to prohibit disclosure of their personal contact information to a party. The identities of these individuals have already been disclosed to Plaintiff, see *Reply* [#24] at 3, and their information is further protected from public disclosure by the Protective Order entered in this case [Docket No. 17]. Therefore, I find that Defendant has failed to provide good cause for the additional protection requested in the Motion.

Dated: December 9, 2008

BY THE COURT:

  s/ Kristen L. Mix  
Kristen L. Mix
United States Magistrate Judge